UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PPP AVIATION LLC,**

Plaintiff,

v. **No. 4:26-cv-00977-P**

**CHRISTOPHER JOHN MIRANDA,**
**ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Amended Motion to Transfer This Action to the District of Delaware, or in the Alternative, to Dismiss ("Motion"). ECF No. 24. Having considered the Motion, the record, and the applicable law, the Court will **DENY** the Motion.

## BACKGROUND

Plaintiff PPP Aviation LLC filed this case on August 7, 2026. ECF No. 1. Plaintiff's Complaint alleges that Defendants[1] stopped making payments they owed on an airplane purchased from Plaintiff. It also alleges that Defendants stopped maintaining the airplane, thereby jeopardizing its airworthiness, and on at least one occasion fraudulently leased the airplane to third parties. ECF No. 1 at 1–2.

What followed Plaintiff's complaint was an unnecessary saga of Defendants, by and through Mr. Miranda, willfully ignoring and failing to comply with the Court's orders. The Court will not recount the details here. *See* ECF No. 36. Amid those events, however, Defendants filed the instant Motion. Defendants' Motion argues that this case should have

[1] Defendants in this case are Christopher John Miranda, Aviotti Inc., and MVP Jet LLC. Mr. Miranda closely holds and controls Aviotti Inc. He did the same with MVP Jet LLC, but that company appears to no longer exist. ECF No. 24 at 4.

been filed in Delaware because the Parties' contracts regarding the airplane contain Delaware forum-selection clauses. ECF No. 24 at 2. It also argues that this Court lacks personal jurisdiction over Mr. Miranda and that Plaintiff's attempts at service of process were insufficient. ECF No. 24 at 2–3. Accordingly, Defendants move to transfer this case to the District of Delaware, or in the alternative, to dismiss this case for improper venue, lack of personal jurisdiction, or insufficient service.

Plaintiff filed their response on September 30. ECF No. 43. The Court now addresses Defendants' Motion.

## ANALYSIS

Defendants move this Court to transfer the case to the District of Delaware, or in the alternative, to dismiss. The Court addresses each request in turn.

### A. The Court declines to transfer this case to Delaware.

28 U.S.C. § 1404(a) governs the transfer of cases when venue in the current forum is proper. Whether venue is proper in the Northern District of Texas "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). And under federal venue laws, venue lies in this District. At a minimum, a "substantial part of property that is the subject of the action" is located here. 28 U.S.C. § 1391(b)(2). The airplane that gave rise to Plaintiff's claims has at all times remained within the Northern District of Texas. ECF No. 44-1 at 2; ECF No. 43 at 19.

Under 28 U.S.C. § 1404(a), when the Parties agree to a valid forum-selection clause, the Court "should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co.*, 571 U.S. at 62. But it may keep the case "in the interest of justice" if "exceptional factors" require it to remain. *Id.* at 62–63. The Parties agreed that, in most cases, litigation concerning the airplane should be brought in Delaware.[2] Nonetheless, the Court finds that exceptional circumstances

[2] The Parties' forum-selection clauses include a carve-out for "any claim related to the repossession of the Collateral", which "may be brought in any

require this case to remain here. The airplane is located here; Defendants housed the airplane here when they allegedly breached their contracts with Plaintiff; the logbooks and maintenance records Plaintiff requests are located here; Defendants' alleged fraudulent leases of the airplane occurred here; and the Fort Worth office of the Federal Aviation Administration, which has an ongoing relationship to this case, is located here. ECF No. 43 at 1–2.

This Court has also invested a great amount of resources into this case. It has heard emergency requests for relief, issued several orders, held three hearings, and dealt with Mr. Miranda's civil contempt. It would not be in the interest of justice to transfer the case, and the public interest factors favor this District.

**B. The Court declines to dismiss this case.**

Defendants raise two grounds for dismissal separate from improper venue.[3] Both lack merit.

*First*, Defendants claim that this Court lacks personal jurisdiction over Mr. Miranda. This is wrong. When Plaintiff filed its Complaint, Mr. Miranda was domiciled in the Northern District of Texas. ECF No. 9-2 at 4. Defendants have offered no evidence showing that he no longer resides here. Even if they had, Mr. Miranda maintains a facility for Aviotti Inc. in Cresson, Texas, and both were parties to the contracts in dispute in this case. ECF No. 44-16; ECF No. 9-1. Mr. Miranda also housed the airplane in the Northern District of Texas at times relevant to Plaintiff's claims. ECF No. 44-16.

*Second*, Defendants claim that service of process was insufficient. This is also wrong. Defendants have offered no evidence showing that Plaintiff's methods of service on Mr. Miranda were insufficiently calculated to reach him. And in any event, Miranda has now been personally served by the United States Marshals Service, ECF No. 39,

---

court of competent jurisdiction." ECF No. 43 at 1. That carve-out plausibly applies to this case. But as it would not change the outcome, the Court assumes for the purposes of this Motion that it does not.

[3] As this District is a proper venue, the Court rejects Defendants' request to dismiss for improper venue.

and Plaintiff is in the process of serving the remaining Defendants through the Texas Secretary of State. ECF Nos. 30–31.

## CONCLUSION

For the foregoing reasons, Defendants' Motion (ECF No. 24) is **DENIED IN FULL.**

**SO ORDERED** on this **1st day** of **October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE